NYS2d 890]—

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a]) and driving while intoxicated (§ 1192 [3]), defendant contends that County Court erred in imposing an enhanced sentence based upon his arrest for a new offense following the entry of his plea and prior to sentencing. By failing to object to the enhanced sentence or to move to withdraw the plea or to vacate the judgment of conviction, however, defendant failed to preserve that contention for our review (see People v Sprague, 82 AD3d 1649 [2011], lv denied 17 NY3d 801 [2011]; People v Magliocco, 78 AD3d 1648 [2010], lv denied 16 NY3d 798 [2011]). In any event, because defendant did not deny that he committed the new offense or otherwise challenge the validity of his postplea arrest, the court was not obligated to conduct an inquiry to determine whether there was a lawful basis for the new arrest before imposing an enhanced sentence (see People v Hendrix, 62 AD3d 1261 [2009], lv denied 12 NY3d 925 [2009]; People v Huggins, 45 AD3d 1380 [2007], lv denied 9 NY3d 1006 [2007]; see generally People v Outley, 80 NY2d 702, 713 [1993]). Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.

RAY ROBINSON, Individually and as Parent and Natural Guardian of RAYSHAWN ROBINSON, Appellant, v RODNEY JOHNSON, JR., Respondent. [934 NYS2d 891]—

It is hereby ordered that the order so appealed from is unanimously affirmed without costs. Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.

LMIII REALTY, LLC, et al., Respondents, v GEMINI INSURANCE COMPANY, Appellant, et al., Defendant. (Appeal No. 1.) [934 NYS2d 892]—

It is hereby ordered that said appeal is unanimously dismissed without costs (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985 [1990]). Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.

■ LMIII Realty, LLC, et al., Respondents, v Gemini Insurance Company, Appellant, et al., Defendant. (Appeal No. 2.) [935 NYS2d 412]—

Memorandum: Plaintiffs commenced this action seeking a declaration that Gemini Insurance Company (defendant) is obligated to defend and indemnify plaintiff LMIII Realty, LLC (LMIII) as an additional insured in the underlying personal injury action. Defendant made a pre-answer motion to dismiss the complaint and, in the alternative, sought summary judgment declaring that it has no obligation to defend or indemnify plaintiffs because they do not qualify as additional insureds under the policy. Plaintiffs opposed the motion and in addition sought a declaration that plaintiffs qualify as additional insureds under the policy. Supreme Court denied defendant's motion. Plaintiffs subsequently moved for leave to reargue defendant's motion and sought summary judgment declaring that they are entitled to coverage from defendant as additional insureds. The court granted plaintiffs' motion for leave to reargue on the ground that plaintiffs established that the court had "overlooked controlling law on this issue" and, upon reargument, searched